JOSEPH W. BARNETT, ADMINISTRATOR AD PROSEQUEN-
DUM OF GEORGE BARNETT, DECEASED, PLAINTIFF-
APPELLANT, v. LOUIS PULDA, BOARD OF EDUCATION
OF NORTH BRUNSWICK TOWNSHIP, EMMA HANSON
AND MILDRED TERHUNE, DEFENDANTS-RESPOND-
ENTS.

Submitted October 25, 1935—Decided January 31, 1936.

For the appellant, *Joseph W. Barnell, pro se.*

For the respondents, *Klemmer Kalteissen* and *Lewis D. Busch* (*Herman H. Anekstein,* of counsel).

The opinion of the court was delivered by

HETFIELD, J.  This suit was brought in the Supreme Court, Middlesex Circuit, by the present appellant as administrator *ad prosequendum* of George Barnett, deceased, against Louis Pulda, the board of education of North Brunswick township, and Emily Hanson and Mildred Terhune, teachers.  It appears that the board of education had ordered some fire-wood from the defendant Louis Pulda to be delivered at the Adams schoolhouse, which sets back a little distance from the main road, and contains two classrooms with the two teachers in charge.  In the rear of each of the rooms was a wood bin.  The wood was delivered by an employe of Pulda's on May 2d, 1927, and was contained in a wagon drawn by a

team of horses. Just before recess was declared the wagon was driven on the playgrounds, close to the bins, for the purpose of unloading. While the driver was throwing the wood from the wagon into the bins, the decedent, George Barnett, a boy ten years of age, who was standing near the horses, was kicked in the stomach by one of them. During the boy's lifetime, suit was instituted by his father, the present appellant, as a next friend, for the injuries resulting from the kick. Trial was held on October 8th, 1928, and the court granted a nonsuit as to all the defendants. The boy died on November 28th, 1928, after which the present suit was instituted. The plaintiff submitted to a voluntary nonsuit as to the teachers, Hanson and Terhune. At the end of the plaintiff's case the court granted a nonsuit as to Pulda and the board of education, and judgment was entered accordingly, from which this appeal is taken.

We think the action of the trial court was proper. There was no proof to justify an inference that the defendant Pulda either knew, or should have known, that the horse which is alleged to have kicked the boy, was possessed of vicious propensities, even if such was the fact. There was testimony, however, to show that both horses were considered to be kind and gentle. It is settled law that the owner of an animal having no natural propensity to be vicious, will not be responsible for injuries to another person, resulting from the vicious acts of such animal, unless it is established that the owner had knowledge, either actual or constructive, of its vicious disposition. *Smith* v. *Donahue,* 49 *N. J. L.* 548, and cases cited.

We do not think any inference of negligence can arise from the mere fact that the horses were driven on the playgrounds so that the wagon would be near the bins, which had been the custom on prior occasions, as there was no reason for the driver to anticipate that either of the horses would injure anyone, in view of the fact that theretofore the animals had always shown a kind and gentle disposition.

The supplying of fuel with which to heat the school building was a governmental function of the board of education, as an agency of the state, and that being so, it cannot be called

upon to respond to damages in cases of this character. *McKnight* v. *Cassady,* 113 *N. J. L.* 565; *Florio* v. *Jersey City,* 101 *Id.* 535, and *Johnson* v. *Board of Education of Wildwood,* 102 *Id.* 606.

The judgment of nonsuit will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.